


**Lennon, Murphy & Lennon, LLC**
ATTORNEYS AT LAW

The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
phone (212) 490-6050
fax (212) 490-6070
www.lenmur.com

Tide Mill Landing
2425 Post Rd, Suite 302
Southport, CT 06890
phone (203) 256-8600
fax (203) 256-8615
mail@lenmur.com

RECEIVED APR 28 2008 CHAMBERS OF JUDGE ROBERT P. PATTERSON

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/08

**By Facsimile (212) 805-7917**
Hon. Richard P. Patterson
United States District Judge
United States District Court
500 Pearl Street, Room 2550
New York, NY 10007

Re: **Kundan Rice Mills Ltd. v. JLM International, Inc.**
Docket No. 08 Civ. 3699 (DLC)
Our ref: 1354

**MEMO ENDORSED**

Dear Judge Patterson:

    We represent the Plaintiff, Kundan Rice Mills Ltd., in the above referenced action. This is an *ex parte* maritime attachment proceeding pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure ("Rule B"). We write to object to Defendant's demand for a hearing tomorrow and to ask that Defendant be directed to re-file its letter request to vacate the maritime attachment under Rule (E)(4)(f) by motion. In the alternative, we request that the Court set forth a reasonable briefing schedule and hearing date so the issues raised by Defendant may be more fully and substantively addressed at the hearing. Defendant may be entitled to a hearing, however, this does NOT exempt it from the general rules of motion practice. As stated above, Defendant has failed to file either a motion or an Order to Show Cause.

    We respectfully suggest that if the issues raised by the Defendant are not briefed, any argument thereon will be incomplete. Defendant has set forth a very basic outline of what it <u>may</u> argue at the hearing. However, at the very least, Plaintiff is entitled to know the full nature of the arguments it will be defending against.

    In addition, we dispute to Defendant's contention that Plaintiff has not raised a maritime claim. The contract between the parties and the breach thereof clearly concern and effect maritime commerce and as recently held by Judge McMahon, where "the subject matter of the contract relates to a ship in its use as such, or to commerce or to navigation on navigable waters, or to transportation by sea or to maritime employment it is fairly said to constitute a maritime contract." *Brave Bulk Transp. v. Spot on Shipping Ltd.*, 2007 U.S. Dist. LEXIS 81137 (S.D.N.Y. 2007) (holding that contract for "ocean freight" futures was a maritime contract).

    Among other things, Defendant unreasonably declined to nominate a vessel in breach of the contract between the parties. Thus, given the nature of Defendant's breach,

Patrick F. Lennon · Charles E. Murphy · Kevin J. Lennon · Nancy R. Siegel · Anne C. LeVasseur · Coleen A. McEvoy

it appears quite contradictory that Defendant's counsel claims that this contract solely involves the sale of goods.

In our experience, it does not assist anyone to rush to the courthouse because the issues between the parties have not been fully fleshed out. Furthermore, we note that we have invited Defendant to post a surety bond pursuant to Supplemental Admiralty Rule E(5) which would preserve Defendant's right to challenge the attachment while relieving any business interruption caused by the attachment. Defendant declined this offer as is its right. One would think, however, that if the situation was as urgent as Defendant urges, Defendant would have elected to post a bond today so as to immediately lift the attachment.

Thus, we respectfully request that the Court memo-endorse this letter, directing Defendant to file its E(4)(f) request to vacate the maritime attachment by regular motion practice with a memorandum of law as required by Local Rule 7.1(a). Local Rule 7.1 states as follows:

> **Local Civil Rule 7.1(a) Memoranda of Law Required**
> Except as otherwise permitted by the court, all motions and all oppositions thereto shall be supported by a memorandum of law, setting forth the points and authorities relied upon in support of or in opposition to the motion, and divided, under appropriate headings, into as many parts as there are points to be determined. Willful failure to comply with this rule may be deemed sufficient cause for the denial of a motion or for the granting of a motion by default.

This provision is especially relevant here, where the Defendant is requesting immediate and expedited relief. Plaintiff has a right to know the full nature of the arguments it will be defending against at the hearing (not just a page and a half outline).

We further request that if a briefing schedule is set forth, Plaintiff be allowed at least (10) ten business days to submit its opposition. Finally, we would like to bring to the Court's attention that Plaintiff's lead counsel, Mr. Kevin J. Lennon, is preparing for trial next week in the U.S. District Court for the District of Connecticut. Thus, we respectfully request that this be taken into consideration when making any schedule or hearing date.

We are available to answer any questions the Court may have with regard to the foregoing.

Respectfully Submitted,

Nancy R. Peterson

*[Handwritten endorsement: Application denied. So ordered. David Hathaway USDJ 4/28/08]*

-2-

Cc: *Via Facsimile (203) 622-8104*
Eric D. Grayson
Grayson & Associates, P.C.

—3—